**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAREEM NELSON,

Plaintiff,

-against-

AUGUSTINE WINE & LIQUORS USA INC. d/b/a Brand's Wine & Liquor, and 540 WEST 145 LLC,

Defendants.

CASE NO.: 1:26-cv-______

**COMPLAINT**

**JURY TRIAL DEMANDED AS TO ALL ISSUES SO TRIABLE**

## COMPLAINT

Plaintiff KAREEM NELSON ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants AUGUSTINE WINE & LIQUORS USA INC. d/b/a Brand's Wine & Liquor ("Brand's") and 540 WEST 145 LLC ("540 West 145") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising from Defendants' maintenance of an inaccessible main public entrance to Brand's Wine & Liquor at 538 West 145th Street, New York, New York 10031 (the "Subject Facility"). Plaintiff, a C-7 C-1 quadriplegic wheelchair user, alleges that the step/change in level at the main entrance prevented him from entering the store independently and safely.

2. Plaintiff seeks declaratory and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 (the "ADA"), together with reasonable attorneys' fees, litigation expenses, and costs. Plaintiff also seeks relief available under the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a) (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a) (the "NYCHRL").

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under Title III of the ADA. The Court has supplemental jurisdiction over Plaintiff's related

state and city claims under 28 U.S.C. § 1367 because those claims arise from the same case or controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the Subject Facility is located in New York County, within the Southern District of New York, and the events and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff KAREEM NELSON is an adult and, at all times relevant to this action, has had a mobility disability that substantially limits walking. Plaintiff uses a wheelchair for mobility and is an individual with a disability within the meaning of the ADA, NYSHRL, and NYCHRL.

6. Defendant AUGUSTINE WINE & LIQUORS USA INC. is alleged, upon information and belief, to operate and/or lease the retail establishment doing business as Brand's Wine & Liquor at the Subject Facility.

7. Defendant 540 WEST 145 LLC is alleged, upon information and belief, to own the real property at 538 West 145th Street, New York, New York 10031, at which the Subject Facility is located.

8. At all relevant times, Defendants owned, leased, leased to, operated, controlled, maintained, and/or managed the Subject Facility within the meaning of the applicable disability-access laws. The Subject Facility is a retail sales establishment and a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(E).

## FACTUAL ALLEGATIONS

9. On or about May 29, 2026, before this action was commenced, Plaintiff personally went to the Subject Facility intending to enter Brand's Wine & Liquor and purchase goods offered to the public.

10. At the main public entrance, Plaintiff encountered a raised step/change in level between the public sidewalk and the entrance doorway. Because Plaintiff uses a wheelchair, that entrance condition prevented him from entering the Subject Facility independently and safely.

11. The photograph below depicts the main public entrance to Brand's Wine & Liquor at 538 West 145th Street and the step/change in level encountered by Plaintiff:




*Photograph 1 — Main public entrance to Brand's Wine & Liquor, 538 West 145th Street, New York, New York.*

13. Plaintiff also attempted to enter the Subject Facility through neighboring doors at 540 West 145th Street. Those doors did not have the same raised step/change in level encountered at the main entrance, but they were locked and did not permit Plaintiff to enter Brand's Wine & Liquor. Plaintiff therefore was not provided an available no-step means of entry to the Subject Facility.




*Photograph 2 — Neighboring doors at 540 West 145th Street that Plaintiff attempted to use as a no-step means of entry; Plaintiff alleges that the doors were locked.*

14. The entrance condition remains a barrier to Plaintiff's wheelchair access. Plaintiff is deterred from returning while the entrance remains inaccessible because he reasonably expects to encounter the same condition again.

15. Plaintiff desires and intends to return to Brand's Wine & Liquor to purchase its goods when the main public entrance is made accessible. The continuing entrance barrier therefore presents Plaintiff with a real and immediate threat of repeated injury.

16. Upon information and belief, removal or remediation of the entrance barrier is readily achievable within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv). To the extent the Subject Facility or entrance has been altered, Defendants are also required to comply with the accessibility requirements applicable to alterations.

17. The 2010 ADA Standards provide, among other things, that changes in level greater than one-half inch must be ramped in accordance with the applicable ramp or curb-ramp requirements, and that entrances required to be accessible must be on an accessible route and comply with the applicable doorway requirements. See 2010 Standards §§ 303.4, 206.4, 404. Plaintiff will

establish through admissible evidence the measurements and technical standards applicable to the entrance condition.

18. Defendants' failure to provide wheelchair access through the main public entrance denies Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Facility.

## COUNT I

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation by a person who owns, leases (or leases to), or operates that place of public accommodation. 42 U.S.C. § 12182(a).

21. Discrimination includes a failure to remove architectural barriers in existing facilities where removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304.

22. By maintaining the inaccessible main public entrance described above, failing to remove or remediate that barrier where readily achievable, and failing to provide Plaintiff an available no-step means of entry when he attempted to use the neighboring doors at 540 West 145th Street, Defendants have denied Plaintiff full and equal access to the Subject Facility in violation of Title III of the ADA.

23. The entrance barrier continues to deter Plaintiff from returning and subjects him to a real and immediate threat of repeated discrimination. Plaintiff therefore seeks prospective injunctive relief requiring Defendants to make the main public entrance accessible to the extent required by the ADA.

24. Pursuant to 42 U.S.C. §§ 12188 and 12205, Plaintiff also seeks reasonable attorneys' fees, litigation expenses, and costs.

## COUNT II

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The NYSHRL prohibits an owner, lessee, proprietor, manager, superintendent, agent, or employee of a place of public accommodation from refusing, withholding, or denying, because of disability, the accommodations, advantages, facilities, or privileges of that place. N.Y. Exec. Law § 296(2)(a).

27. The Subject Facility is a place of public accommodation within the meaning of the NYSHRL.

28. By maintaining the inaccessible main public entrance described above, Defendants denied Plaintiff, because of his disability, full and equal access to the accommodations, advantages, facilities, and privileges of the Subject Facility.

29. As a direct result of Defendants' conduct, Plaintiff has suffered and continues to suffer injury and is entitled to the relief authorized by the NYSHRL, including compensatory relief to the extent proven and permitted by law.

## COUNT III

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The NYCHRL prohibits an owner, lessee, proprietor, manager, superintendent, agent, or employee of a place or provider of public accommodation from refusing, withholding, or denying, because of actual or perceived disability, the accommodations, advantages, facilities, or privileges of that place or provider. N.Y.C. Admin. Code § 8-107(4)(a).

32. The Subject Facility is a place or provider of public accommodation within the meaning of the NYCHRL.

33. By maintaining the inaccessible main public entrance described above, Defendants denied Plaintiff full and equal access to the accommodations, advantages, facilities, and privileges of the Subject Facility because of his disability.

33. Plaintiff has been injured by Defendants' conduct and seeks the remedies available under the NYCHRL, including compensatory damages, reasonable attorneys' fees and costs, and appropriate injunctive relief.

34. Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York as required by N.Y.C. Admin. Code § 8-502(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and grant the following relief:

A. A declaration that Defendants' maintenance of the inaccessible main public entrance described in this Complaint violates the ADA, NYSHRL, and NYCHRL, to the extent established at trial;

B. A permanent injunction requiring Defendants to remove or remediate the barrier at the main public entrance and provide an accessible means of entry to the Subject Facility to the extent required by the ADA and other applicable law;

C. Compensatory damages under the NYSHRL and NYCHRL in an amount to be determined by the trier of fact;

D. Reasonable attorneys' fees, litigation expenses, costs, and disbursements as authorized by law; and

E. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Garden City, New York
September 17, 2026

Respectfully submitted,

BASHIAN & PAPANTONIOU, P.C.
Attorneys for Plaintiff
1225 Franklin Avenue, Suite 500
Garden City, New York 11530
Tel: (516) 279-1554
Fax: (516) 213-0339

By: /s/ Erik M. Bashian, Esq.
ERIK M. BASHIAN, ESQ.
(EB7326)
eb@bashpaplaw.com

**DECLARATION OF PLAINTIFF**

I, KAREEM NELSON, declare under penalty of perjury that I have reviewed the factual allegations of the foregoing Complaint and that, to the best of my personal knowledge, the factual allegations concerning me, my visit, my disability, my encounter with the entrance, and my intent to return are true and correct. I understand that this declaration is made pursuant to 28 U.S.C. § 1746.

Executed on: September 17, 2026 | 10:05 PM EDT, 2026

DocuSigned by:
Kareem Nelson
6BA592438CB04A5...

KAREEM NELSON